# Johanna Gross *v.* The Electric Traction Company, Appellant.

*Negligence—Damages—Right of action—Widow—Death—Act of April 15, 1851, sec. 19.*

Under the Act of April 15, 1851, sec. 19, P. L. 674, where a man marries after he is injured, and brings no suit for his injury in his lifetime, his widow may maintain an action to recover damages for his death against the person whose wrongful act caused his death.

Argued Jan. 11, 1897.    Appeal, No. 423, Jan. T., 1896, by defendant, from judgment of C. P. No. 3, Philadelphia County, March Term, 1895, No. 965, on verdict for plaintiff.    Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Affirmed.

Trespass for damages for death of plaintiff's husband.    Before McMICHAEL, J.

The court charged in part as follows : ·

This is an action brought by Johanna Gross to recover damages against the Electric Traction Company for the death of her husband, Benedict Gross.    I instruct you, gentlemen, that she was the wife of Benedict Gross when he died, and that, being his wife, she has a right, under the laws of Pennsylvania, to recover damages for his death if she makes out a case in other respects.    The marriage between the parties took place after the accident and before the death of Benedict Gross.    I take the view of the law that she is entitled to recover as the widow of Benedict Gross, and I have, therefore, in the first place, answered a suggestion of the counsel for the defendant on this point.

Verdict for plaintiff for $3,500.

The following is the opinion of the court on a motion for a new trial, referred to by the Supreme Court :

This was an action brought by Johanna Gross, widow of Benedict Gross, against the Electric Traction Company, to recover damages for the death of her husband.    Upon the trial

there was testimony, which was submitted to the jury, of the negligence of the defendant company, and there was no testi-' mony of want of care on the part of the decedent which would have justified the trial judge in taking the case from the jury. The man who was killed was a hale and hearty man of about sixty-nine years of age, engaged in the milk business. The jury settled by their verdict, first, that the defendant was negligent; and, secondly, that there was no contributory negligence on the part of the man who was killed, and the verdict does not appear, under the evidence, to be excessive. It has been earnestly contended, however, that the plaintiff, Johanna Gross, is not entitled to recover against the defendant company, because it appeared at the trial that she had married Benedict Gross after the date of the accident and only a few days before his death. The testimony upon this point was substantially as follows: the plaintiff and Benedict Gross had been living together for some seven years since the death of his first wife, and they were in the milk business together. After the accident, they were married. Whether, as was urged by the learned counsel for the defendant, the marriage took place to enable the plaintiff to bring her suit against the defendant company, or, as is more charitable to suppose, to sanction by religious ceremony the union which had existed for many years between the plaintiff and the decedent, can only be a matter of conjecture. The fact, however, is that, at time of the death of Benedict Gross, Johanna Gross was his lawful wife, and after his death was his widow.

The Act of April 15, 1851, sec. 19, P. L. 674, Brightly's Purd. edition of 1894, p. 1603, pl. 3, provides as follows: "Whenever death shall be occasioned by unlawful violence or negligence, and no suit for damages be brought by the party injured, during his or her life, the widow of such deceased, or, if there be no widow, the personal representatives, may maintain an action for and recover damages for the death thus occasioned." The requisites of the statute are met by the facts of the present case. The verdict of the jury determined that death was occasioned by the negligence of the defendant company. No suit for damages has been brought by the party injured, and the widow, in the words of the statute, "may maintain an action for and recover damages for the death thus occasioned." By the Act of assembly of April 26, 1855, sec. 1,

P. L. 309, Brightly's Purd. edition of 1894, p. 1603, pl. 4, it was provided, "That the persons entitled to recover damages for any injury causing death shall be the husband, widow, children or parents of the deceased, and no other relatives, and the sum recovered shall go to them in the proportion they would take of his or her personal estate in case of intestacy, and without liability to creditors." This extended the right of action for death, but did not in any way deprive the widow of her right to sue. In the present case, it was proved that Benedict Gross had no children alive by either first or second wife. The court is of opinion, therefore, that Johanna Gross, widow of Benedict Gross, had a statutory right to maintain her action for the negligence which occasioned the death of Benedict Gross.

Upon the question of damages, the trial judge called the jury's attention to all of the testimony bearing upon the question; that the man who was killed was sixty-nine years old, but in good health and in active business at the time of the accident, and also to the fact that he was married a few days before his death, and after the accident. The jury assessed the damages at $3,500. It has been strongly urged that the damages are excessive. We do not think that the case should have been taken from the jury, and the amount does not appear, upon a careful reconsideration of all the evidence, to be excessive. The new trial is therefore refused.

Judgment was entered on the verdict. Defendant appealed.

*Error assigned* was portion of charge as above quoting it.

*J. Howard Gendell*, for appellant.—A widow is a wife who survives her husband; but she must have been such wife at the time when the injury was inflicted, just as the owner must be the owner at the time that the direction is given to open the street: Turnpike v. Brosi, 22 Pa. 29; Brown v. Powell, 25 Pa. 229; North Penna. R. R. v. Davis, 26 Pa. 238; Tenbrooke v. Jahke, 77 Pa. 392; Losch's App., 109 Pa. 72.

*John A. Bickel*, for appellee.—Under the act it seems clear, that if an injured party does not bring suit for damages, he has a right to create such a person, who under the act may bring suit for the injury. The cause of action is the injury. The

right of action is in the party injured. If he has brought suit, the action survives, if he has not, then by virtue of the statute· the wife is entitled to bring her suit: Birch v. Pittsburg, etc., Ry., 165 Pa. 339; Hughes v. D. & H. Canal Co., 176 Pa. 260; Lehigh Iron Co. v. Rupp, 100 Pa. 95; R. R. v. Decker, 84 Pa. 419; R. R. v. Conway, 112 Pa. 511.

PER CURIAM, February 1, 1897:

The only question raised on this record is as to the right of the plaintiff, who was married to her husband after he was injured and before his death, to recover damages for his death. We do not think there can be any doubt upon this subject. The Act of April 15, 1851, sec. 19, P. L. 674, expressly provides, "Whenever death shall be occasioned by unlawful violence or negligence, and no suit for damages be brought by the party injured during his life, the widow of said deceased, or, if there be no widow, the personal representatives, may maintain an action for and recover damages for the death." That is precisely this case. The plaintiff at the time of the death, was the widow of the person injured. This is the only condition she is required to fulfil, in order to recover. No action was brought during her husband's life, and she has therefore the statutory right to recover. We could not deny her right without disregarding the statute. The opinion of the learned court below is entirely satisfactory, and nothing more need be added.

Judgment affirmed.